WO

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Shirley D. Stone and John W. Stone, | CV 05-2626 PHX DCB |
| Plaintiffs, | |
| v. | **ORDER** |
| Judge Redfield T. Baum, Judge Sarah Sharar Curley, Judge Randolph Haines, Judge James M. Marlar and U.S. Trustee Ilene LaShinsky of the District of Arizona Bankruptcy Court; Kent Harding and his attorneys Scott M. Clark and Paul Henderson; Arizona Municipal Judge Lex Anderson and Judge Michael Orcutt; Fanfare Media Works, Inc. and Attorney Steve Weatherspoon; Safeway Foods, Albertsons Food and Drug, Inc.; Kym Pasqualini; KPHO TV, a Meredith Corporation, KREM TV a Belo Corporation; Robert Reed and former disbarred attorney Robert Suzenski; Arizona State Judge Gary Donahoe and Judge Peter B. Swann; Federal Judge Susan Bolton, Senior Federal Judge Earl Carroll, Senior Federal Judge Paul K. Rosenblatt, and Judge Frederick Martone; Citicapital and Attorney Mary Farrington-Lorch; Phoenix Police Chief Jack Harris; State Bar of Arizona Attorneys Robert B. Van Wyck and John Furlong; FBI Director Robert Mueller, U.S. Marshal Steve Borak, U.S. Attorney Paul K. Charlton, Asst. U.S. Attorneys Richard Patrick and Raynett Passos; Former U.S. Attorney General John Ashcroft, President G. W. Bush, and 1-100 Jane or John Does. All Federal and State Government Employees are being sued in their Individual and Persona Capacity, | |
| Defendants. | |

On December 22, 2005, this Court dismissed the Complaint filed by the Plaintiffs as frivolous and because it failed to state a claim against any of the approximately 44 named Defendants. Based on Plaintiffs' judicial track record, the Court found that Plaintiffs were vexatious litigants.

Only because Plaintiffs are pro se litigants, the Court granted them leave to amend their Complaint to state a proper claim, and the Court went into great detail explaining how Plaintiffs could state such a claim. The Court prohibited the Plaintiffs from any further filings in the Federal District Courts for the District of Arizona of "claims which have been adjudicated by other courts nor allegations against attorneys, prosecutors, or judges based solely on their involvement with the judicial process of adjudicating such claims." (Order at 22.) The Court warned Plaintiffs that such continued harassing measures and abuses of this judicial forum would result in this Court issuing a vexatious litigant Order barring them from any further filings in the United States District Court for the District of Arizona. Plaintiffs had until January 30, 2006, to file an Amended Complaint.

The Court also awarded Defendant Albertsons sanctions against Plaintiffs in the form of attorney fees and costs associated with the action. The Court enjoined Plaintiffs from filing further lawsuits against Albertsons.

Since the Court issued the December 22, 2005, Order, Defendant Albertsons filed their motion and affidavit for attorney fees and costs. Plaintiffs have not filed a response or objection. Plaintiffs have not filed an Amended Complaint. Plaintiffs did file a Motion to Vacate, Set Aside or Strike the December 22, 2005, Order, which this Court denied on January 12, 2006. They also filed a document captioned "Plaintiffs'/Debtors' in Possession Judicial Notice."

The Court has reviewed Defendant Albertsons' motion and affidavit for an award of attorney fees in the amount $27,044.00. Having already found the award to be an

appropriate sanction, the Court now finds that $27,044.00 appears to be a fair and reasonable amount of fees and costs incurred to date.

The Court has reviewed the document filed by the Plaintiffs. They continue to attack other judicial proceedings over which this Court has no jurisdiction. By flagrantly ignoring the directives of this Court to stop such harassing and abusive use of this Court, Plaintiffs subject themselves to an injunction prohibiting them from any future filings in the federal district courts of Arizona. As they have failed to file an Amended Complaint, dismissal of this action is appropriate.

**Accordingly,**

**IT IS ORDERED** that this case is dismissed with prejudice.

**IT IS FURTHER ORDERED** that Defendant Albertsons is awarded sanctions, pursuant to Rule 11, against Plaintiffs in the amount of $27,044.00 in attorneys fees and costs.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall not accept any further filing in this case, except for filings necessary to secure an appeal of this Court's Orders issued in this case.

**IT IS FURTHER ORDERED** that with the exception of any appeal filed in this case, the Clerk of the Court shall not accept any further filings by Plaintiffs, without leave of this Court. Any filing must be accompanied by a Motion for Leave to file it and a copy of this Court's Order issued on December 22, 2005. Leave shall be granted for any claims over which this Court has appellate review, such as an appeal from the bankruptcy courts, or for any claims which comply with the directives for filing a proper claim as described in the Order issued by this Court on December 22, 2006.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly and close this case.

1     **IT IS FURTHER ORDERED** that a copy of this Order shall be sent to the Clerk
2 of the Court in Phoenix and the Chief Deputy Clerk in Tucson and to all the judges of the
3 United States District Court for the District of Arizona.
4     DATED this 3rd day of February, 2006.

                              David C. Bury
                              United States District Judge

20 *copy emailed to all District/Magistrate*
*Judges, District of Arizona; Clerk/Phoenix;*
21 *Deputy Clerk/Tucson by cjs 2/3/06*